//

United States District Court
Southern District of Texas
FILED

DEC 18 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROY RODRIGUEZ | § | |
| | § | CIVIL ACTION NO. B-01-134 |
| VS. | § | |
| | § | |
| JLG INDUSTRIES, INC. and | § | |
| RENTAL SERVICE CORPORATION | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, Roy Rodriguez, and Defendant, Rental Service Corporation, herein and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, file this their Joint Discovery/Case Management Plan, and in support thereof, would respectfully show the Court the following:

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    The Rule 26(f) meeting was held via telephone conference call on December 5, 2001 between Attorney Mr. Ricardo M. Adobbati for Plaintiff, Roy Rodriguez and Ms. Mary Greene for Defendant Rental Service Corporation. Plaintiff has communicated both telephonically and in writing on several occasions with Kyle Rowley, counsel for Defendant JLG Industries, Inc. who will be filing an Appearance and Answer upon his client's execution of a waiver of summons.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None known to Plaintiffs nor Defendants

3. **Specify the allegation of federal jurisdiction.**

    28 U.S.C. §1332 – Diversity Jurisdiction between plaintiff and defendant Rental Service Corporation and defendant JLG Industries, Inc.

1

4.  **Name and parties who disagree and the reasons.**

    No parties are in disagreement.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    Plaintiff has conferred with Kyle Rowley, counsel for Defendant JLG Industries, Inc. who has indicated his client will execute a Waiver of Summons. Furthermore, counsel for Defendant JLG Industries, Inc. has been provided with a photocopy of Plaintiff's Original Petition previously filed in the judicial district court, Notice of Removal and a copy of this Joint Discovery/Case Management Plan. Counsel has indicated he will be filing an Answer and Appearance before the 20 day answer deadline as required by the federal rules of civil procedure.

6.  **List anticipated interventions.**

    None known to Plaintiffs nor Defendants. However, there may be a possible worker's compensation intervention.

7.  **Describe class-action issues.**

    None known to Plaintiffs nor Defendants.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Initial disclosures have been partially made and will be completed by the date of the initial pretrial conference. Any remaining disclosures will be addressed through discovery requests.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f)**

        responses to all matters raised in Rule 26(f) will be or have been provided pursuant to this Joint Discovery Case Management Plan

2

**B.    When and to whom the plaintiff anticipates it may sent interrogatories.**

Plaintiff anticipates sending Interrogatories to defendants within thirty (30) days of entry of this Order.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendant Rental Service Corporation has propounded Interrogatories and Requests for Production to Plaintiff on September 25, 2001.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of all those witnesses to the accident, some of whom have not yet been identified. In addition, plaintiff would take the depositions of a corporate representative of JLG Industries, Inc. and corporate representative of Rental Service Corporation and any health providers. Plaintiff will take depositions of fact witnesses and medical providers by March 31, 2002 unless agreed otherwise by the parties.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

Defendant Rental Service Corporation will take depositions of any and all witnesses supporting plaintiff's claims by March 31, 2002.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide written reports ninety (90) days prior to trial. As discovery has already been propounded, plaintiff will designate experts by supplementation as soon as said experts have been retained.

3

    **G.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff will make all attempts to take the depositions of all retained experts by defendant thirty (30) days before trial.

    **H.**     **List expert deposition the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendant will make all attempts to take the deposition of all retained experts by plaintiff sixty (60) days before trial.

**10.**     **If the parties are not agreed on a party of the discovery plan, describe the separate views and proposals of each party.**

    Plaintiffs and Defendants agree to the discovery plan.

**11.**     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Defendant Rental Service Corp by and through its attorneys of record propounded Interrogatories and Requests for Production on September 25, 2001. Plaintiff Roy Rodriguez, by and through his attorney of record responded to said discovery requests by way of a Rule 11 discovery extension agreement on November 30, 2001.

**12.**     **State the date the planned discovery can reasonably be completed.**

    The parties anticipate discovery being completed no later than Thirty (30) days before trial.

**13.**     **Describe the possibilities for a prompt settlement or resolution of the case and that were discussed in your Rule 26(f) meeting.**

    The parties are willing and able to seek resolution of this case and are amenable to Mediation.

**14. Describe what each party has done or agreed to do to bearing about a prompt resolution.**

> The parties are undergoing the necessary investigation and discovery in order to obtain all the necessary information to approach mediation in good faith. The parties will continue to do so in an attempt to schedule mediation as soon as possible.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such technique may be effectively sued in this case.**

> The parties agree mediation appears to be the most reasonably suited alternative dispute resolution technique.

**16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

> Plaintiff is not opposed to trying this case before a Magistrate Judge. Defendant Rental Service Corporation wishes to proceed with the District Court Judge.

**17. State whether a jury demand has been made and if it was made on time.**

> Plaintiff and Defendant requested a jury demand.

**18. Specify the number of hours it will take to present the evidence in this case.**

> Discovery is far from complete in this matter and as a result, it is somewhat difficult to ascertain. At this time, based on the number of witnesses to the incident, Plaintiffs and Defendants would anticipate between 25-30 hours for presentation of entire case without including jury selection.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

> No other motions are pending at this time.

**20.   List other motions pending.**

   None.

**21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   Plaintiff's counsel has conferred with Kyle Rowley, counsel for Defendant JLG Industries, Inc. who has indicated his client will execute a Waiver of Summons. Furthermore, counsel for Defendant JLG Industries, Inc. has been provided with a photocopy of Plaintiff's Original Petition previously filed in the judicial district court, Notice of Removal and a copy of this Joint Discovery/Case Management Plan. Counsel has indicated he will be filing an Answer and Appearance before the 20 day answer deadline as required by the federal rules of civil procedure.

**22.   List the names, bar numbers, addresses and telephone numbers of all counsel.**

   Counsel for Plaintiff:
   Mr. Ricardo M. Adobbati, Esq.
   Of Counsel
   State Bar No. 00790208
   Federal Adm. No. 18158

   ALWORTH & FORD, L.L.P.
   134 E. Price Road
   Brownsville, Texas  78521
   Telephone No. (956) 544-6881
   Facsimile No. (956) 544-6883

   Counsel for Defendant Rental Service Corporation:
   Mr. Claude L. Stuart. III
   State Bar No. 19426620
   Federal Adm. No. 13824

6

Ms. Mary Cazes Greene
State Bar No. 24005647
Federal Adm. No. 22671

PHELPS DUNBAR, LLP
3040 Post Oak Boulevard, Suite 900
Houston, Texas  77056
Telephone No. (713) 626-1386
Facsimile No. (713) 626-1388

**Defendant JLG Industries, Inc. will be entering an appearance and filing an Answer upon his client's execution of a waiver of summons.**
Mr. Kyle M. Rowley
State Bar No. **unknown**
Federal Adm. No. **unknown**

HOLLOWAY & ROWLEY, P.C.
415 Louisiana, Suite 2550
Houston, Texas  77002
Telephone No. (713)751-0055
Facsimile No. (713) 751-0057

Please note Mr. Rowley did not participate in the Rule 26(f) meeting.

Signed on this the ___18___ day of December, 2001.

        Respectfully submitted,

        ALWORTH & FORD, L.L.P.
        134 E. Price Road
        Brownsville, Texas   78521
        Telephone No. (956) 544-6881
        Facsimile No. (956) 544-6883

By:_____
        Ricardo M. Adobbati, Esq.
        Of Counsel
        State Bar No. 00790208
        Federal Adm. No. 18158
        Attorney for Plaintiffs

PHELPS DUNBAR, LLP
3040 Post Oak Boulevard, Suite 900
Houston, Texas   77056
Telephone No. (713) 626-1386
Facsimile No. (713) 626-1388

By:_____ by permission
        Mr. Claude L. Stuart, III
        State Bar No. 19426620
        Federal Adm. No. 13824

        Ms. Mary Cazes Greene
        State Bar No. 24005647
        Federal Adm. No. 22671

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties and/or counsel of record, via Certified Mail, Return Receipt Requested, on this 18 day of December, 2001 to the following:

Mr. Claude L. Stuart. III
Ms. Mary Cazes Greene
PHELPS DUNBAR, LLP
3040 Post Oak Boulevard, Suite 900
Houston, Texas 77056

Mr. Kyle M. Rowley
HOLLOWAY & ROWLEY, P.C.
415 Louisiana, Suite 2550
Houston, Texas 77002

_____
Ricardo M. Adobbati