IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROY RODRIGUEZ, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-134 |
| | § | |
| JLG INDUSTRIES, INC. AND | § | |
| RENTAL SERVICE CORPORATION | § | JUDGE HILDA G. TAGLE |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** ROY RODRIGUEZ AND ALMA RODRIGUEZ, hereinafter called Plaintiffs, complaining of and about JLG INDUSTRIES, INC., and RENTAL SERVICE CORPORATION, hereinafter called Defendants; and for cause of action would show unto the Court the following:

### JURISDICTION AND VENUE
### I.

1.  This court has jurisdiction and venue is proper in Cameron County, Texas pursuant to C.P.R.C., §15.002 (a)(1) in that all or a substantial part of the events giving rise to this claim occurred in Cameron County.

2.  Defendants filed a petition for removal of case to Federal Court based on diversity of citizenship between Plaintiff and Defendants Rental Service Corporation and JLG Industries, Inc. under the provisions of 28 U.S.C. §1332.

### PARTIES AND SERVICE
### II.

1.  Plaintiffs, ROY RODRIGUEZ and ALMA RODRIGUEZ bring this action. Plaintiffs reside in Cameron County, Texas.

2.  Defendant, **JLG INDUSTRIES, INC.**, has been served and has entered its general appearance in this cause.

3.  Defendant, **RENTAL SERVICE CORPORATION,** has been served and has entered its general appearance in this cause.

## FACTS
### III.

1.  Defendant JLG INDUSTRIES, INC., was, at the time of this occurrence, and is now engaged in the business of designing, manufacturing, and/or packaging certain lift products and equipment, including the scissor jack lift made the basis of this suit, for sale to and for use by members of the general public.

2.  Defendant [supplier] was, at the time of this occurrence, and is now engaged in the business of selling lift equipment at retail to members of the general public, including the specific scissor jack lift made the basis of this suit, which was designed, manufactured, and/or packaged by defendant manufacturer.

3.  Plaintiff Roy Rodriguez was employed by Heggen Electric, a company which rented/leased the subject scissor jack lift from defendant RENTAL SERVICE CORPORATION. The scissor jack lift was in the same condition at the time plaintiff was injured as it was when it was originally manufactured and at the time it was rented/leased by defendant retailer to Plaintiff Roy Rodriguez's employer, Heggen Electric.

4.  On or about October 6, 2000, Plaintiff ROY RODRIGUEZ, was working for Heggen Electric on the subject scissor jack lift on a construction site in Cameron County, Texas, in a reasonable and prudent manner, exercising ordinary care for his safety, when suddenly and without warning the safety bar he was holding to support the weight of his body as he was climbing off of the subject lift, suddenly moved down, thereby causing him to fall, sustaining serious injuries to his neck, low back, and body in general.

5.  Plaintiffs allege that the product in question, namely the scissor jack lift, was defective and unsafe for its intended purposes at the time it left the control of defendant

manufacturer and at the time it was sold. In this connection, the scissor jack lift was defectively designed and unreasonably dangerous to plaintiff Roy Rodriguez, in that the design allowed a worker exiting off of the scissor jack lift to hold the "safety bar" which appeared to be securely affixed to such, and in fact, it was not securely affixed to such, thereby suddenly moving down. There was no warning that the safety bar could suddenly move down and injure the user. Plaintiffs, therefore, invoke the doctrine of strict liability. Further, in this connection, plaintiffs allege that the defect in design was a producing cause of the injuries and damages set forth below.

6. In addition, defendants expressly and impliedly warranted to the public generally, and specifically to the plaintiffs, that the subject scissor jack lift was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiffs relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

7. Plaintiff ALMA RODRIGUEZ, suffered loss or consortium and companionship as a result of this accident.

### NEGLIGENCE OF DEFENDANT JGL INDUSTRIES, INC.
### IV.

1. Plaintiff ROY RODRIGUEZ'S accident and injuries suffered by reason thereof were proximately caused by Defendant JGL INDUSTRIES, INC.'S negligence which consisted of, but is not limited to the following acts and omissions in designing, manufacturing, and/or marketing the subject scissor jack lift in the following respects:

   a. The defendant manufacturer, JGL INDUSTRIES, INC., was negligent in failing to design the scissor jack lift so that the "safety bar" was securely welded to the scissor jack lift so that it could not suddenly move down while supporting one's body weight;

   b. The defendant manufacturer, JGL INDUSTRIES, INC., was negligent in designing

    the scissor jack lift without a guard or shield on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances;

c.   The defendant manufacturer, J.G.L. INDUSTRIES were negligent in placing the scissor jack lift on the market without warning the users of the equipment that the safety bar might suddenly move down causing a person to fall or abruptly shift their body.

2.   Each of the aforementioned negligent acts or omissions of defendant, taken singularly or in combination, were a proximate cause of the plaintiffs' injuries and damages as set forth below.

### NEGLIGENCE OF DEFENDANT RENTAL SERVICE CORPORATION
### V.

1.   Plaintiff ROY RODRIGUEZ's accident and injuries suffered by reason thereof were proximately caused by Defendant RENTAL SERVICE CORPORATION'S negligence which consisted of, but is not limited to the following acts and omissions in marketing the subject scissor jack lift in the following respects:

a.   The defendant, RENTAL SERVICE CORPORATION, was negligent in failing to maintain the scissor jack lift so that the "safety bar" was securely welded to the scissor jack lift so that it could not suddenly move down while supporting one's body weight;

b.   The defendant, RENTAL SERVICE CORPORATION, was negligent in marketing, renting, and/or leasing the scissor jack lift without a guard or shield on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances;

c.   The defendant, RENTAL SERVICE CORPORATION, was negligent in placing the scissor jack lift on the market without warning the users of the equipment that the safety bar might suddenly move down causing a person to fall or abruptly shift their body.

### RES IPSA LOQUITUR
### VI.

1.   Plaintiffs cannot more specifically allege the acts of negligent manufacture or

design on the part of defendants JGL INDUSTRIES, INC. and RENTAL SERVICE CORPORATION, for the reason that facts in that regard are peculiarly within the knowledge of that defendants, and, in the alternative, in the event plaintiffs are unable to prove specific acts of negligent design and/or manufacture, plaintiffs relies on the doctrine of res ipsa loquitur. In this connection, plaintiffs will show that the design and manufacture of the scissor jack lift was within the exclusive control of defendant JGL INDUSTRIES, INC., and that said scissor jack was rented/leased by RENTAL SERVICE CORPORATION. Plaintiffs had no means of ascertaining the method or manner in which the product was designed and manufactured, and it came into plaintiff's possession in the same condition it was in when it left the control of defendants. The occurrence causing harm to plaintiff ROY RODRIGUEZ, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of defendants. Thus, defendant JGL INDUSTRIES, INC. was negligent in the design, manufacture, or both of the subject scissor jack lift, and defendant RENTAL SERVICE CORPORATION was negligent in renting and/or leasing the subject scissor jack lift, which negligence was a proximate cause of the injuries and damages sustained by plaintiffs.

### DAMAGES FOR PLAINTIFF, ROY RODRIGUEZ
### VII.

1. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ROY RODRIGUEZ was caused to suffer personal injuries.

2. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ROY RODRIGUEZ has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Mental anguish in the past;
   e. Physical pain and suffering in the future;
   f. Mental anguish in the future;
   g. Physical Impairment in the past
   h. Physical Impairment in the future;
   i. Physical Disfigurement in the past;
   j. Physical Disfigurement in the future;
   k. Lost wages in the past;
   l. Loss of earning capacity in the future; and
   m. Loss of enjoyment of life.

### DAMAGES FOR PLAINTIFF, ALMA RODRIGUEZ
### VIII.

1. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ALMA RODRIGUEZ has incurred the following damages:

   a. Mental anguish in the past;
   b. Mental anguish in the future; and,
   c. Loss of consortium and companionship.

### **P R A Y E R**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

_____6

*PLAINTIFF'S' AMENDED ORIGINAL COMPLAINT*

Respectfully submitted,

LAW OFFICES OF RICARDO M. ADOBBATI
134 E. PRICE ROAD
BROWNSVILLE, TEXAS 78521
(956) 544-6882
(956) 544-6883

BY: _____
    HON. RICARDO M. ADOBBATI
    State Bar No. 00790208
    FED I. D. #18158

LEAD COUNSEL FOR PLAINTIFFS
ROY RODRIGUEZ AND ALMA RODRIGUEZ

CO-COUNSEL
**ALWORTH & FORD, L.L.P.**
111 Soledad, Suite 700
San Antonio, Texas 78205
(210) 227-2315
(210) 226-8065  [fax]

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY**