United States District Court
Southern District of Texas
FILED

DEC 1 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROY A. RODRIGUEZ | § | CIVIL ACTION NO. B-01-134 |
| | § | |
| VS. | § | |
| | § | |
| JLG INDUSTRIES, INC. AND RENTAL SERVICE CORPORATION | § | JUDGE HILDA G. TAGLE |

### NORTH AMERICAN SPECIALTY'S MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, North American Specialty, Intervenor, and would respectfully show the Court as follows:

#### A. THE PARTIES

1. The Plaintiffs are Roy and Alma Rodriguez.

2. The Defendant is JLG Industries, Inc.

3. The Intervenor is North American Specialty, the worker's compensation insurance carrier for Plaintiff's employer, Heggen Electric Company, Inc.

#### B. THE CAUSE OF ACTION

1. Plaintiff Roy Rodriguez, an employee of Heggen Electric Company, Inc. sustained an on the job injury on October 6, 2000 as a result of an accident with scissor lift manufactured and sold by Defendant JLG Industries, Inc. to Plaintiff's employer, Heggen Electric Company, Inc. Plaintiff and Plaintiff's wife Alma Rodriguez filed suit alleging Defendant JLG Industries, Inc. was the responsible third party in that the scissor lift was defective in design, manufacturing and marketing. Plaintiffs assert damages in past and future personal injuries,

mental anguish, lost wages, loss of earning capacity and loss of consortium.

2. Defendant JLG Industries, Inc. has denied the Plaintiffs' allegations.

3. Intervenor, North American Specialty, the worker's compensation insurance carrier for Plaintiff's employer Heggen Electric Company, Inc. provided to date worker's compensation benefits to Plaintiff in the form of medical benefits, temporary income benefits and impairment income benefits in the amount of $142,748.44. Intervenor continues to provide income impairment benefits in the amount of $263.00 per week. Intervenor seeks to recover these payments.

## C. ARGUMENT AND AUTHORITIES

1. Intervenor has the right consistent with Fed. R. Civ. P. 24(a)(1) to intervene in this lawsuit pursuant to §417.001 et. seq. of the Texas Labor Code. Specifically §417.001(c)(2) provides the worker's compensation insurance carrier's the right of subrogation. It is settled law in Texas that the worker's compensation insurance carrier has the rights of subrogation include the right to intervene. *Travelers Ins. Co. v. Seidel* (705 S.W.278 Tex. App. - 1986 writ dismissed).

2. Alternatively, consistent with Fed. R. Civ. P. 24(a)(2), Intervenor has the right to intervene in this lawsuit for the following reasons:

   a.) Intervenor has a direct interest in this suit and that interest is substantial and legally protectable. *City of Stillwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996). Intervenor paid in excess of $140,000.00 in worker's compensation and medical benefits to Plaintiff. Its interest is legal, tangible and recognized to be owned by the intervenor. See *Travelers (supra)*.

    b.)    The present parties in the suit will not adequately protect intervenor's interest. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10 (1972). The parties' interests are adverse to the Intervenor's. Further, the parties attempted to mediate a resolution of this case but were unable to do so because the Intervenor was not a party. See letter of Ricardo Adobbati to Thomas Sullivan dated December 5, 2002, a copy of which is attached hereto and incorporated herein for all purposes and marked Exhibit "A".

3.    The Intervenor's motion is timely. Intervenor learned of this suit on September 10, 2002. Further, the suit is not set for trial until April, 2003 and is still in the discovery stages. Only three depositions have been taken.

4.    Intervenor has spoken with counsel for both parties. Neither has any opposition to this motion for intervention.

### D. CONCLUSION

For reasons stated herein, Intervenor asks this Court grant its Motion to Intervene as a Party Plaintiff.

Respectfully submitted,

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

By: _/s/ Thomas Sullivan_
Thomas Sullivan
State Bar No. 19491800
ATTORNEY FOR INTERVENOR
NORTH AMERICAN SPECIALTY

## CERTIFICATE OF CONFERENCE

The undersigned has personally consulted with Ricardo Adobbati, counsel for Plaintiff and Kyle Rowley, counsel for Defendant. Neither has any opposition to this Motion for Intervention.

*/s/ Thomas Sullivan*
Thomas Sullivan

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 9th day of December, 2002.

Mr. Ricardo Adobbati                     **VIA CM/RRR #7002 0460 0000 6426 1459**
Law Offices of Ricardo M. Adobbati
134 E. Price Road
Brownsville, Texas 78521

Mr. Kyle M. Rowley                       **VIA REGULAR MAIL**
Holloway & Rowley, P.C.
1415 Louisiana Street, Suite 2550
Houston, Texas 77002

*/s/ Thomas Sullivan*
Thomas Sullivan

# RICARDO M. ADOBBATI
## ATTORNEY & COUNSELOR AT LAW
134 E. Price Road • Brownsville, Texas 78521
Tel (956) 544-6882 • Fax (956) 544-6883

December 5, 2002

Mr. Thomas Sullivan
Brin & Brin, P.C.
1325 Palm Blvd. Suite A
Brownsville, Texas 78520

Ref:   Civil Action NO. B-01-134
       <u>Roy Rodriguez  v. JLG Industries, Inc.</u>
       Our File No. 00-160-01

Dear Mr. Sullivan:

I have recently been advised that you have been retained to represent the interests of the worker's compensation carrier in the above matter.

On September 11, 2002 we held a mediation in the above case and were unable to settle because no agreement was made with the worker's compensation carrier. We have a deadline to mediate by December 16, 2002 and would like to schedule a mediation sometime this month. It is my understanding that you are available for mediation December 11, 13, 14, 17, 18 and 19. I have taken the liberty of consulting with Mr. Leo Salzman who served as mediator for us in this case and he is available December 11, 13, 17 and 19 after 5:00 p.m. and will advise us about his availability on Saturday, December 14.

I am available the afternoon of December 11 and anytime on December 16, 17 and Saturday, December 14, 2002.

As soon as I obtain some dates from Mr. Rowley I will provide them to you.

Sincerely,

By: _____
Ricardo M. Adobbati

RMA/og



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROY A. RODRIGUEZ | § | CIVIL ACTION NO. B-01-134 |
| | § | |
| VS. | § | |
| | § | |
| JLG INDUSTRIES, INC. AND RENTAL SERVICE CORPORATION | § | JUDGE HILDA G. TAGLE |

<u>**ORDER GRANTING INTERVENTION**</u>

On this the _____ day of _____, 2002, came to be heard the Intervenor, North American Specialty's Motion for Intervention pursuant to Fed. R. Civ. P. 24 in which the Intervenor asserted claims as a party plaintiff.

There being no opposition, the Court is of the opinion North American Specialty is granted leave to intervene as a party plaintiff.

Done in Brownsville on this _____ day of _____, 2002.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROY A. RODRIGUEZ | § | CIVIL ACTION NO. B-01-134 |
| | § | |
| VS. | § | |
| | § | |
| JLG INDUSTRIES, INC. AND RENTAL SERVICE CORPORATION | § | JUDGE HILDA G. TAGLE |

### ORDER SETTING HEARING ON NORTH AMERICAN SPECIALTY'S MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF

It is hereby ORDERED by the Court that a hearing on North American Specialty's Motion to Intervene and Memorandum in Support Thereof, is hereby SCHEDULED for hearing on the _____ day of _____, 2002, beginning at 9:00 o'clock a.m.

SIGNED AND ENTERED, this the _____ day of _____, 2002.

_____
JUDGE PRESIDING